UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DWAYNE ANTHONY JOHNSON,

        Plaintiff,         Case No. 2:13-cv-339

v.         Honorable Gordon J. Quist

DOUG BESTEMAN,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, P UB. L. N O. 104-134, 110 S TAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

    I.    Factual allegations

Plaintiff Dwayne Anthony Johnson, a state prisoner currently confined at the Kinross Correctional Facility, filed this civil rights action against Defendants Classification Director Doug

Besteman, Administrative Assistant David Mastaw, Deputy of Housing and Programs Kathy Olsen, and MDOC Director Daniel Heyns pursuant to 42 U.S.C. § 1983.

In his complaint, Plaintiff alleges that Defendants discriminated against him on the basis of his race. Plaintiff, who is Black, has a paralegal / legal assistant diploma from Blackstone Career Institute. Pursuant to MDOC Policy Directive 05.02.110 ¶ T, a prisoner assigned as a law library aide shall be paid at the first level if he has completed 31 verified college credit hours in a paralegal, legal assistant, or legal aide certification program, and may be paid at the second level only if he has completed at least 62 verified college credit hours in a paralegal, legal assistant, or legal aide certification program or 31 verified college credit hours in the program <u>and</u> a two-year associate degree in a related field of study. Plaintiff asserts that he has 31 verified college credits and is being paid at the first level. In November of 2012, Plaintiff learned that two of his Caucasion co-workers, who do not have the requisite credit hours in a paralegal, legal assistant, or legal aid certification program, were being paid at the second-level pay scale. Plaintiff believes that he is being paid less because of his race. Plaintiff's grievances and complaints were denied by Defendants Besteman, Mastaw, Olsen and Heyns. Plaintiff seeks compensatory, punitive and nominal damages.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976).

In this case, Plaintiff claims that he is being paid less than two other prisoners because of his race. In response to Plaintiff's written complaint, Defendant Besteman responded that Plaintiff's diploma was equal to 31 credit hours and that Plaintiff was receiving the correct amount of pay pursuant to Policy Directive 05.02.110 ¶ T. Defendant Besteman also stated:

> You address others that are getting paid more, both have over 62 credits with bachelors degrees. I currently have another NW working in the law library getting paid more than the entry level because he has credits.

*See* docket #1-1, p. 5 of 26.

In addition, on May 7, 2013, Defendant Mastaw responded to Plaintiff's complaint by stating:

> The issue you describe doesn't necessarily affect your pay status; it has already been established your pay has [sic] found to be in compliance with Policy. Your concern deals with the pay of the other Library Aides. You insinuate Classification Director Besteman has discriminated against you because you feel their pay rate is inappropriate while presenting no supporting or substantiating evidence.
>
> You contend they do not have the credentials to be making the second level pay rate for a Library Aide. These individuals were evaluated and hired in 2007 by then Librarian Deb Herbig. I have reviewed PD 05.02.110 Paragraph T, the Classification Job Manual and supporting documentation of the other three Library Aides. Based on the information I have been provided; I found all three Library Aides you mention in your letter have the proper credentials and meet the prerequisites for the second level pay rate.
>
> The individual issue you present has already been addressed and responded to on many different levels and by many different staff of the MDOC. Essentially, you do not meet the requirements to be at the second level pay rate and the other three Library Aides do.

*See* docket #1-1, p. 24 of 26.

As noted above, the Equal Protection Clause provides that all persons similarly situated should be treated alike. It is clear from Plaintiff's Exhibits that he was not similarly situated

to his co-workers, as they had approximately twice as many college credits as Plaintiff, and that this was the basis for the difference in pay. Therefore, Plaintiff's equal protection claims are properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 5, 2014                                  /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE