UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWAYNE JOHNSON,

               Plaintiff,             Case No. 2:13-cv-339

v.                              HON.  GORDON J. QUIST

DOUG BESTEMAN, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Dwayne Johnson pursuant to 42 U.S.C. § 1983.  In his complaint plaintiff asserts that he is African American and that two white prisoners with the same qualifications as plaintiff work in the law library performing the same job as plaintiff, but are paid a higher hourly wage.   Defendants Doug Besteman, Daniel Heyns, David Mastaw and Kathy Olsen filed this motion for summary judgment based upon plaintiff's alleged failure to exhaust his administrative grievance remedies.  (Docket #44).  Although, defendant Doug Besteman has joined as a moving party, he concedes that plaintiff has exhausted grievance remedies against him, and does not move for dismissal from this action in this motion.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable

jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

   Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

   MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control  *Id.* at ¶ P.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a

completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Plaintiff exhausted one grievance on this issue prior to filing this lawsuit. KCF-13-04-0473-02c. In that grievance plaintiff asserted that Classification Director Besteman paid two

4

white prisoners a higher wage than plaintiff who was performing the same job function in the law library.  Plaintiff did not name any other defendant in that grievance.  Plaintiff has responded by asserting that although he did not name any other defendant in a grievance he did complain to each defendant and provided a written complaint to each defendant about this issue.  Plaintiff asserts that he put each defendant on notice through his verbal and written complaints and that is enough to exhaust his grievance remedies.  Plaintiff is incorrect.  As previously explained, MDOC policy requires that a prisoner name each individual in a Step I grievance.  In order to properly exhaust a grievance, plaintiff must comply with MDOC policy.  Accordingly, in the opinion of the undersigned, it is clear that plaintiff has failed to properly exhaust his claims against defendants Heyns, Olsen and Mastaw.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (Docket #42) be granted as to defendants Heyns, Olsen and Mastaw, who are properly dismissed without prejudice.  If the court accepts this recommendation, defendant Besteman would be the only remaining defendant in this action.

Dated: July 8, 2015                       /s/ Timothy P. Greeley
                                          TIMOTHY P. GREELEY
                                          UNITED STATES MAGISTRATE JUDGE


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).