UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DWAYNE ANTHONY JOHNSON,

    Plaintiff,

v.                                                 Case No. 2:13-cv-339
                                                 HON. GORDON J. QUIST

DOUG BESTEMAN, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

        Plaintiff Dwayne Anthony Johnson filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging an equal protection violation. Plaintiff, a black prison inmate, is employed as a law library aide. Plaintiff alleges that Defendant Besteman paid two white prison inmates, with similar qualifications as Plaintiff, Second Level pay while Plaintiff was paid only First Level pay. Plaintiff concedes that although he was properly paid at the First Level, he was treated differently than the white prisoners who were improperly paid at the Second Level. Defendant Besteman admits that the two white inmates should not have received Second Level pay. Defendant Besteman asserts that he erred when he assigned the two white inmates to Second Level pay. MDOC policy Directive 05.02.110(T) provides that a prisoner assigned as a law library aide shall be paid at the Second Level only after completing 62 verified college credit hours as a paralegal, legal assistant, or legal aide, or 31 verified college credit hours in a related two year associate degree program.

        Plaintiff argues that he is entitled to summary judgment because he was treated differently than similarly situated white prisoners by Defendant Besteman. Summary judgment is

appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

    The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental

right" such as speech or religious freedom, the rigorous "strict scrutiny" standard ordinarily governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440. However, while a convicted prisoner does not forfeit all constitutional protections by virtue of his confinement, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Price v. Johnston*, 334 U.S. 266, 285 (1948). "The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives – including deterrence of crime, rehabilitation of prisoners, and institutional security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing, *inter alia*, *Turner v. Safley*, 482 U.S. 78, 84 (1987)).

To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendant. *Id.* at 265-66. "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011).

To establish a prima facie case of discrimination under the *McDonnell Douglas* test, a plaintiff must show that (1) he was a member of a protected class; (2) he was qualified for the job; (3) he was subjected to an adverse employment decision; and (4) he was "replaced by a person outside the protected class or treated differently than similarly situated non-protected employees. *See Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008) (internal quotations omitted). To be a similarly situated member of another class, "the comparative [prisoner] 'must have dealt with the same [decision maker], have been subject to the same standards, and have engaged in the

same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or their employer's treatment of them for it.'" *Umani*, 432 F. App'x at 460 (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998); *see also Mitchell v. Toledo Hosp.*, 964 F.2d 577, 586 (6th Cir. 1992). Once satisfied, the burden shifts to the employer to rebut the prima facie case by articulating a legitimate business reason for its actions. The burden then shifts back to plaintiff to show, by a preponderance of the evidence, that the asserted reason for her discharge was merely a pretext for a discriminatory purpose. Where the plaintiff presents evidence contesting the employer's asserted nondiscriminatory reason, "[t]he district court must still make a judgment as to whether the evidence, interpreted favorably to the plaintiff, could persuade a reasonable jury that the employer had discriminated against the plaintiff." *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1570 (7th Cir. 1989), citing *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and *Anderson*, 477 U.S. at 248. At all stages, the "ultimate burden of persuading the trier of fact that the defendants intentionally discriminated against the plaintiff remains . . . with the plaintiff." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981) To raise a genuine issue of material fact, plaintiff must show, by a preponderance of the evidence, either: "(1) that the proffered reasons had no basis in fact; (2) that the proffered reasons did not actually motivate the action, or (3) that they were insufficient to motivate the action." *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 883 (6th Cir. 1996). In this motion, however, Plaintiff is arguing that there exists no genuine issue of fact that he was discriminated against by Defendant Besteman and that he is entitled to judgment against Defendant Besteman.

There is no dispute in this case that Plaintiff received less pay than two similarly situated white prisoners working as law library aides at the prison. Plaintiff has satisfied his burden

of establishing a prima facie claim for discrimination. Defendant Besterman asserts that the decision he made to assign Second Level pay to two of the white prisoner law library aides was based upon a mistake in his evaluation of their educational backgrounds. Defendant Besteman attests that he had no discriminatory purpose in assigning pay, and further indicates that he assigned two other black prisoners, Hollman and Jackson, to Second Level pay, and another white prisoner, Pirkel, to First Level pay. Defendant Besteman asserts that he made an error when he assigned Second Level pay to the two white prisoners by improperly crediting their educational background. Defendant Besteman has not explained how he made the error. The records allegedly relied upon by Defendant Besteman are not currently a matter of record.[1] In the opinion of the undersigned, a genuine issue of material fact exists as to whether Defendant Besteman was acting with a discriminatory purpose when he assigned Plaintiff to First Level pay, after he assigned two similarly situated white prisoners to Second Level pay.

Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment (ECF No. 68) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

---

[1] The court is ordering production of educational records by separate order.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:   April 1, 2016

                                         /s/ TIMOTHY P. GREELEY
                                         TIMOTHY P. GREELEY
                                         UNITED STATES MAGISTRATE JUDGE